[Doc. Nos. 32, 33]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOAN SOLOMON,<br><br>            Plaintiff,<br><br>     v.<br><br>ATLANTIC CITY HILTON CASINO<br>AND RESORT and ATLANTIC CITY<br>JITNEY ASSOCIATION,<br><br>            Defendants. | Civil No. 10-5701 (NLH/AMD) |

## REPORT AND RECOMMENDATION

This matter comes before the Court by way of motions [Doc. Nos. 32 & 33] of Defendant Atlantic City Jitney Association (hereinafter, A.C.J.A.) and Defendant Atlantic City Hilton Casino Resort (hereinafter, Hilton) to dismiss Plaintiff's complaint. These motions will be determined on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) because of the dispositive nature of the requests. For the reasons set forth herein, the Court respectfully recommends granting the motions and dismissing Plaintiff's complaint.

Plaintiff filed this personal injury action in the Eastern District of New York on September 13, 2010. In her complaint, Plaintiff alleges that as Plaintiff disembarked from a jitney in front of the Atlantic City Hilton Casino Resort

"Plaintiff was caused to trip and fall" and "broke her ankle due to the negligence of defendants . . . ." (Compl. [Doc. No. 1] ¶¶ 13, 14.) Plaintiff asserts a count for negligence and a count for negligent infliction of emotional distress. (Id. ¶¶ 15-19.) Plaintiff seeks costs, expenses, fees, and damages totaling one million dollars. (Id. at Prayer for Relief ¶ C.)

By Order dated November 1, 2010, the Eastern District of New York court transferred this action to the District of New Jersey following the parties' stipulation to change venue. (Stipulation to Change Venue [Doc. No. 7].) By letter dated November 4, 2010 from the Office of the Clerk for the District of New Jersey, counsel were advised of the obligation to have a member of the bar of the New Jersey District Court enter an appearance. Plaintiff's New York counsel appeared at a telephone conference on February 10, 2011, but no New Jersey counsel entered an appearance for Plaintiff. Thereafter, Plaintiff's New York counsel submitted a stipulation of dismissal, but the stipulation was not signed by a New Jersey attorney of record for Plaintiff. The Court conducted an additional telephone conference on August 19, 2011, at which time Plaintiff's New York counsel appeared and the issue of the stipulation was addressed. The Court, by Order dated September 20, 2011, directed that all counsel and Plaintiff appear for an in-person conference on October 18, 2011. That conference was subsequently rescheduled at the request of Plaintiff to December 1, 2011.

At the December 1, 2011 conference, Plaintiff appeared in person and Plaintiff's New York counsel appeared by telephone. At that time, New York counsel indicated that he would not be representing Plaintiff in the District of New Jersey. Following the December 1, 2011 conference, the Court issued a scheduling order directing all parties to make Rule 26(a) disclosures on or before December 30, 2011. (Scheduling Order [Doc. No. 22] Dec. 2, 2011.)

The Court conducted an additional telephone status conference on January 26, 2012. Defendant A.C.J.A. asserts that at the January 26, 2012 telephone status conference, Plaintiff indicated that she had not received the Defendant A.C.J.A.'s Rule 26 disclosures despite Defendant A.C.J.A.'s allegations that the disclosures had been sent. (Brief in Support of Defendant Atlantic City Jitney Association's Mot. to Dismiss Plaintiff's Complaint [Doc. No. 32-1] (hereinafter, "A.C.J.A.'s Br."), 2). Defendant A.C.J.A. further asserts that Plaintiff's address was confirmed on the record at the January 26, 2012 conference. (Id.) At this January 26, 2012 conference, the Court permitted Plaintiff thirty (30) days to retain counsel. (Scheduling Order [Doc. No. 23] Jan. 26, 2012.)

On April 18, 2012, Plaintiff appeared before the Court by telephone for a scheduling conference. (Minute Entry [Doc. No. 28] Apr. 18, 2012.) At the conference, the Court lifted the stay that had been in place for Plaintiff to retain counsel and ordered

3

Plaintiff to respond by May 18, 2012 to discovery requests served by Defendant Hilton. (Scheduling Order [Doc. No. 27] Apr. 18, 2012). On June 1, 2012 and July 13, 2012, Defendants filed their first motions to dismiss asserting that Plaintiff failed to comply with the April 18, 2012 Order, that Plaintiff failed to respond to discovery and that Plaintiff failed to provide Rule 26 disclosures. (First Mot. to Dismiss Pl.'s Compl. for Failure to Answer Interrogatories and Comply with Scheduling Order [Doc. No. 29]; First Mot. to Dismiss by Atlantic City Jitney Assoc. [Doc. No. 30].) Plaintiff did not respond to Defendants' first motions to dismiss.

By Order dated September 13, 2012, the Court dismissed Defendants' motions without prejudice noting that Defendants' first motion failed to address the factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 867-68 (3d Cir. 1984). (Order [Doc. No. 31] Sept. 13, 2012, 2-3.) The Court's September 13, 2012 Order further provided that "*Pro Se* Plaintiff Joan Solomon shall respond to Defendants' interrogatories and request for production of documents, and shall provide Rule 26 initial disclosures by no later than October 1, 2012; and *Pro Se* Plaintiff is on notice that her failure to provide discovery by October 1, 2012 may lead to the imposition of sanctions, including dismissal of this action." (Order [Doc. No. 31] Sept. 13, 2012, 3.) The Court further ordered that in the event that Plaintiff failed to provide responses by October 1, 2012, Defendants were permitted to

4

renew their motions to dismiss. (Id. at 4.)

In the renewed motion to dismiss presently pending before the Court, Defendant A.C.J.A. asserts that Plaintiff has consistently failed to comply with court orders or "prosecute her claim in any way." (A.C.J.A. Br. 1.) Defendant A.C.J.A. asserts that Plaintiff has not provided Rule 26 disclosures, despite a Scheduling Order requiring that Rule 26 disclosures be made by December 30, 2011. (Id. at 2-3 (citing Scheduling Order [Doc. No. 22] Dec. 2, 2011, 1).) Defendant Hilton asserts that Plaintiff failed to comply with the Court's April 18, 2012 Order directing Plaintiff to respond to Defendant Hilton's discovery requests by May 18, 2012 and the Court's September 13, 2012 Order directing Plaintiff to provide responses by October 1, 2012. (Certification of Counsel in Supp. of Mot. to Dismiss for Failure to Answer Interrogatories and Comply with the Court's Orders [Doc. No. 33-1] (hereinafter, "Hilton's Certification") ¶ 7-11; A.C.J.A.'s Br. 3.) Defendants A.C.J.A. and Hilton assert that efforts were made to resolve the discovery issues with Plaintiff and that all attempts to resolve the issues were unsuccessful. (Hilton's Certification ¶¶ 8-9; A.C.J.A.'s Br. 3.) Defendants address the Poulis factors and assert that the Poulis factors weigh in favor of dismissal.

FED. R. CIV. P. 16(f)(1) provides that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P.

5

16(f)(1)(C). FED. R. CIV. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (v) dismissing the action or proceeding in whole or in part.

FED. R. CIV. P. 37(b)(2)(A). Additionally, FED. R. CIV. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) further provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

While Defendants move for dismissal under both Rule 37 and Rule 41(b), the Court finds Rule 37 to be more applicable to the facts of this case. "Rule 37 covers sanctions for failure to make discovery and is the appropriate rule to use when dismissal is based on noncompliance with a discovery order." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 n.1 (3d Cir. 1982); cf Dunbar v. Triangle Lumber and Supply Co., 816 F.2d 126 (3d Cir. 1987)(addressing dismissal under Rule 41(b) when plaintiff's counsel repeatedly failed to appear at court-ordered conferences

6

and hearings, but remanding to the district court to give the plaintiff an opportunity to have a hearing on the matter). Here, as the alleged failure to prosecute arises out of Plaintiff's alleged failure to comply with discovery orders and not out of any failure to appear, the Court finds that Rule 37 is the appropriate rule under which to analyze Defendants' motions.

In "deciding whether sanctions that 'deprive a party of the right to proceed with or defend against a claim' are appropriate, the Court considers the [] factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co.." Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944 at *2 (D.N.J. Mar. 31, 2010). The factors set forth in Poulis are:

> (i)  the extent of the party's personal responsibility;
>
> (ii)  the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (iii)  a history of dilatoriness;
>
> (iv)  whether the conduct of the party or the attorney was willful or in bad faith;
>
> (v)  the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (vi)  the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984). "Because an order of dismissal is a harsh remedy that deprives a party of its day in court, [the Third Circuit has] stated that 'a court should resort to dismissal only in extreme

7

cases, as the policy of the law is to favor the hearing of a litigant's claim on the merits.'" Bush v. Dept. of Human Services, No. 11-4444, 2012 WL 2107982, at *2 (3d Cir. June 1, 2012) (quoting Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994)).

  Here, the Court finds that under the Poulis factors, dismissal of Plaintiff's complaint is warranted at this time as Plaintiff has failed to comply with numerous court orders and failed to prosecute her case. Under the first Poulis factor, the Court considers the extent of the party's personal responsibility. Poulis, 747 F.2d at 868. Here, Plaintiff is proceeding pro se. While Plaintiff was provided ample time to retain counsel, Plaintiff did not retain counsel and elected to appear on a pro se basis. Therefore, no one but Plaintiff is responsible for her failure to provide discovery responses or Rule 26 disclosures and her failure to respond to Defendants' correspondence regarding her discovery obligations. See Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *4 (D.N.J. June 19, 2012)(adopting this Court's report and recommendation which found the pro se defendant personally responsible for the inaction which led to the striking of defendant's answer.) Consequently, the first Poulis factor weighs in favor of dismissal.

  Under the second Poulis factor, the Court considers the "prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." Poulis, 747 F.2d at 868. In the Poulis analysis, "[e]vidence of prejudice to an

8

adversary '[ ] bear[s] substantial weight in support of a dismissal or default judgment.'" Adams v. Trustees of N.J. Brewery Employee's Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." Id.  As this Court previously noted in Chiarulli, "[a] party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded."  2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).  Furthermore, a party may be prejudiced when it must go to trial without the benefit of discovery. See Adams, 29 F.3d at 874.

Here, Defendants assert that Plaintiff failed to respond to all discovery requests and failed to provide Rule 26 disclosures. (Hilton's Certification ¶ 18; A.C.J.A.'s Br. 4.) Defendants assert that they attempted to correspond with Plaintiff regarding her discovery obligations, but that Plaintiff has not responded to any correspondence from Defendants. (Hilton's Certification ¶ 8; A.C.J.A.'s Br. 3.) Additionally, the Court ordered Plaintiff to respond to discovery in two separate Orders, one dated April 18, 2012 and a second dated September 13, 2012. (Scheduling Order [Doc. No. 27] Apr. 18, 2012; Order [Doc. No. 31] Sep. 13, 2012.)  Despite Defendants' efforts and several Court Orders, Plaintiff has yet to provide any Rule 26 disclosures or responses to discovery requests. (Hilton's Certification ¶ 18;

9

A.C.J.A.'s Br. 4.)  Without discovery from Plaintiff, Defendant A.C.J.A. asserts that it has "had no opportunity to evaluate the merits of Plaintiff's claims." (A.C.J.A.'s Br. 8.)  Hilton asserts that it has been unable to discover the "true nature of her claims" and that Plaintiff's failure to participate in discovery prevents Hilton from having "an opportunity to prepare a full and complete defense." (Hilton's Certification ¶ 14.) The Court finds that Plaintiff's failure to participate in the discovery process has prejudiced Defendants by forcing them to expend resources attempting to compel discovery and by making it unnecessarily difficult for Defendants to litigate the case.  See, e.g., Hunt-Ruble, 2012 WL 2340418, at *4 (adopting this Court's report and recommendation which found that "[p]laintiffs [were] prejudiced by [d]efendant's failure to appear because [p]laintiffs [were] unable to move beyond the discovery phase of litigation") (citing Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (finding prejudice to plaintiffs because defendants' discovery responses were "never adequately made[.]")). Therefore, the Court finds that the second Poulis factor weighs in favor of dismissal.

Under the third Poulis factor, the Court considers whether the non-moving party has a history of dilatoriness. Poulis, 747 F.2d at 868. "'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" Chiarulli, 2010 WL 1371944, at *3

10

(citing Adams, 29 F.3d at 874).  Here, Defendants assert that Plaintiff failed to comply with two separate court orders directing her to provide Defendants with discovery and an Order setting the date for Rule 26 disclosures. (Scheduling Order [Doc. No. 22] Dec. 2, 2011; Scheduling Order [Doc. No. 27] Apr. 18, 2012; Order [Doc. No. 31] Sep. 13, 2012.) Plaintiff has provided no discovery or Rule 26 disclosures to Defendants and has failed to respond to both Defendants' motions to dismiss.  Therefore, the Court finds there to be a history of dilatoriness.

Under the fourth Poulis factor, the court considers "whether the conduct of the party or the attorney was willful or in bad faith." Poulis, 747 F.2d at 868-69.  In the dismissal context under the Poulis analysis, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. "'[N]egligent behavior' or 'failure to move with . . . dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." Chiarulli, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875).  However, as this Court has previously noted "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor.'"  Hunt-Ruble, 2012 WL 2340418, at *5 (quoting Martino v. Solaris Health Systems Corp., No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).  Here, Plaintiff has consistently failed to comply with court orders.  The Court's

11

December 2, 2011, April 18, 2012, and September 13, 2012 Orders required Plaintiff to provide discovery or Rule 26 disclosures to Defendants by specific dates. These Orders warned that failure to comply could result in the imposition of sanctions. Furthermore, Plaintiff has provided no justification for her continued failure to comply. Therefore, the Court finds Plaintiff's non-compliance with the Court's Orders to be willful and intentional. Consequently, the fourth Poulis factor weighs in favor of dismissal.

Under the fifth Poulis factor, the Court considers "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions." Poulis, 747 F.2d at 869. "The Third Circuit has identified a number of alternative sanctions available to a court, including 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses.'" Smith, 2004 WL 2399773, at *7 (quoting Titus v. Mercedes-Benz of North America, 695 F.2d 746, 759 n. 6 (3d Cir. 1982)). Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss, the Court concludes that Plaintiff has no intention of continuing to litigate this case. Therefore, the Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case.

See Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D.Pa. Apr. 9, 2008)(finding that sanctions other than dismissal would be insufficient when defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). Therefore, the Court finds that the fifth Poulis factor weighs in favor of dismissal.

Finally, under the sixth Poulis factor, the Court considers the meritoriousness of Plaintiff's claim. Poulis, 747 F.2d at 869-70. Defendant A.C.J.A. asserts that it neither owns nor operates the jitneys active in Atlantic City, New Jersey; that the claims against them are therefore baseless; and that the sixth Poulis factor must be resolved in favor of dismissal. (A.C.J.A.'s Br. 11-12.) Defendant Hilton asserts that Plaintiff's refusal to respond to discovery prevents Plaintiff from setting forth a meritorious claim and that Plaintiff's inaction prevented Defendant from evaluating her claim and putting together a meritorious defense. (Hilton's Certification ¶ 18.) However, at this stage of the proceedings, the Court does not have a sufficient basis upon which to evaluate the meritoriousness of Plaintiff's claims and need not do so in order to resolve the pending motions. Moreover, the Court notes that the Third Circuit declined to "require the district court to have a mini-trial before it can impose default" and held that "unless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness would be neutral." Hoxworth, 980 F.2d at 922. Therefore, the Court finds that at this

13

time the sixth Poulis factor is neutral in the Court's consideration of dismissal.

The Court notes that "[e]ach [Poulis] factor need not be satisfied for the District Court to dismiss a complaint." Bromily v. State National Ins. Co., Inc., No. 3:CV-07-2039, 2008 WL 5146524, at *7 (M.D.Pa. Dec. 8, 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003)).  The Court finds that on balance the Poulis factors weigh in favor of dismissal.

Consequently, for the reasons set forth above, the Court respectfully recommends that Defendants' motions to dismiss be granted and Plaintiff's complaint be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b)(2).

```
                                s/ Ann Marie Donio
                                ANN MARIE DONIO
                                UNITED STATES MAGISTRATE JUDGE
```

Dated: April 8, 2013

14

[Doc. Nos. 32, 33]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOAN SOLOMON,<br><br>                Plaintiff,<br><br>    v.<br><br>ATLANTIC CITY HILTON CASINO AND RESORT , et al.,<br><br>                Defendants. | Civil No. 10-5701 (NLH/AMD) |

### **[PROPOSED] ORDER**

THIS MATTER having come before the Court by way of motions [Doc. Nos. 32 & 33] of Defendant Atlantic City Jitney Association and Defendant Atlantic City Hilton Casino Resort to dismiss Plaintiff's complaint; and the Court having considered the Report and Recommendation submitted by the Hon. Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the Court having made a *de novo* review; and for good cause shown:

IT IS on this _____ day of _____ 2013, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Defendant Atlantic City Jitney Association's motion to dismiss Plaintiff's complaint [Doc. No. 32] shall be, and is hereby, **GRANTED**; and it is further

  **ORDERED** that Defendant Atlantic City Hilton Casino Resort's motion to dismiss Plaintiff's complaint [Doc. No. 33] shall be, and is hereby, **GRANTED**; and it is further

  **ORDERED** that Plaintiff's complaint shall be, and is hereby, **DISMISSED WITH PREJUDICE**.


                _____
                NOEL L. HILLMAN
                United States District Judge

AT CAMDEN, NEW JERSEY